IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RYAN JOSEPH CANTRELL,<br><br>Defendant. | CR 19-48-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Ryan Joseph Cantrell (Cantrell) has been accused of violating the conditions of his supervised release. (Docs. 73 and 83). Cantrell admitted one of the violations and the Court determined that the Government met its burden of proof regarding the second allegation. Cantrell shall be sentenced to custody for 7 months, with 53 months of supervised release to follow. The Court further recommends that Cantrell serve his custodial sentence at FCI Englewood and that his supervised release conditions be amended to include the additional condition set forth below.

**Status**

On October 28, 2021, Cantrell plead guilty to the offense of Sexual Abuse of a Minor, in violation of 18 U.S.C. §§ 1153(a), and 2243(a)(1) as charged in Count 1

of the Indictment. (Doc. 56). Cantrell was sentenced to 84 months of custody, followed by 5 years of supervised release. (Doc. 48). Cantrell's current term of supervised release began on January 21, 2026.

**Petition**

On April 15, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Cantrell's supervised release. (Doc. 73). The Petition alleged Cantrell violated the conditions of his supervised release by: (1) being involuntarily discharged from sex offender treatment on April 13, 2026.

**Initial Appearance**

Cantrell appeared before the Court on May 5, 2026. Cantrell was represented by counsel. Cantrell stated that he had read the Petition and that he understood the allegation against him. Cantrell waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation Hearing**

Cantrell appeared before the Court on May 5, 2026. Cantrell admitted that he had violated the conditions of supervised release as set forth in the Petition. The Court determined Cantrell's admitted violation is serious but did not warrant revocation of his supervised release. The Court held Cantrell's sentencing in abeyance for 120 days, until November 10, 2026, at 10:30 a.m., and ordered that

until sentencing, Cantrell would fully comply with all conditions of his supervised release.

**Amended Petition**

On September 4, 2026, the United States Probation Office filed an Amended Petition requesting that the Court revoke Cantrell's supervised release. (Doc. 83). The Amended Petition alleged Cantrell additionally violated the conditions of his supervised release by: (2) be communicating with an 11 year old female without the permission of his probation officer.

**Second Initial Appearance**

Cantrell appeared before the Court on September 22, 2026. Cantrell was represented by counsel. Cantrell stated that he had read the Amended Petition and that he understood the allegations against him. Cantrell waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Second Revocation Hearing**

Cantrell appeared before the Court on September 22, 2026. The Government requested a one week continuance. The Court rescheduled Cantrell's revocation hearing for September 29, 2026, at 10:30 a.m.

Cantrell appeared before the Court on September 29, 2026. The Court noted that Cantrell had previously admitted that he had violated the conditions of

supervised release as set forth as allegation 1 in the original Petition. The Court then heard testimony from Officer Jasmine Roybol of the Great Falls Police Department and from United States Probation Officer Annie Bambenek regarding allegation 2. Based upon the testimony, the Court determined that the Government had met its burden regarding allegation 2. Cantrell's admitted and proven violations, 1-2, are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Cantrell appeared before the Court on September 29, 2026. Cantrell's violations are Grade C. His criminal history category is I. Cantrell's underlying offense is a Class C felony. Cantrell could be incarcerated for up to 24 months. Cantrell could be ordered to remain on supervised release for 60 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Cantrell's supervised release should be revoked. Cantrell should be sentenced to custody for 7 months, with 53 months of supervised release to follow. The Court further recommends that Cantrell serve his custodial sentence at FCI Englewood. The Court further recommends that Cantrell's supervised release terms be updated to include the following additional condition:

> You may own or possess only one internet-capable device as approved by the probation officer that has the ability to access sexually explicit

> materials. If that device is not a phone, you may also possess one mobile phone that has no online capability or camera. You must obtain the approval of the probation officer prior to using any device. You must not own, possess, or use any additional devices without the prior written approval of the probation officer. Your approved devices must be capable of being monitored and compatible with monitoring hardware, software, or other technology approved by the probation officer. You must allow the probation officer to make unannounced examinations of all devices, hardware, and software, which may include the retrieval and copying of all data from your internet-capable device. You must allow the probation officer to install software to restrict or monitor your devices access. You must pay part or all of the costs of this monitoring as directed by the probation officer.
>
> You must not use any internet-capable device to access sexually explicit materials as defined in these conditions nor to contact minors or gather information about a minor.
>
> You must not possess encryption or steganography software. You must provide records of all passwords, Internet service, and user identifications (both past and present) to the probation officer and immediately report changes. Immediately means within 6 hours. You must sign releases to allow the probation officer to access phone, wireless, Internet, and utility records.

This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Cantrell that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Cantrell of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Cantrell that Judge Morris would consider a timely objection before making a final determination on whether to

revoke his supervised release and what, if any, sanction to impose. Cantrell did not waive his right to appeal and allocute before Judge Morris.

The Court **FINDS**:

That RYAN THOMAS CANTRELL has violated the conditions of his supervised release by: (1) being involuntarily discharged from sex offender treatment on April 13, 2026; and (2) communicating with an 11 year old female without the permission of his probation officer.

The Court **RECOMMENDS**:

That the District Court revoke Cantrell's supervised release and sentence Cantrell to custody for 7 months with 53 months of supervised release to follow. The Court further recommends that Cantrell serve his custodial sentence at FCI Englewood. The Court further recommends that Cantrell's supervised release terms be updated to include the following additional condition:

You may own or possess only one internet-capable device as approved by the probation officer that has the ability to access sexually explicit materials. If that device is not a phone, you may also possess one mobile phone that has no online capability or camera. You must obtain the approval of the probation officer prior to using any device. You must not own, possess, or use any additional devices without the prior written approval of the probation officer. Your approved devices must be capable of being monitored and compatible with monitoring hardware, software, or other technology approved by the probation officer. You must allow the probation officer to make unannounced examinations of all devices, hardware, and software, which may include the retrieval and copying of all data from your internet-capable device. You must allow the probation officer to install software to restrict or monitor your devices access. You must pay part or all of the costs of this monitoring as directed by the probation officer.

You must not use any internet-capable device to access sexually explicit materials as defined in these conditions nor to contact minors or gather information about a minor.

You must not possess encryption or steganography software. You must provide records of all passwords, Internet service, and user identifications (both past and present) to the probation officer and immediately report changes. Immediately means within 6 hours. You must sign releases to allow the probation officer to access phone, wireless, Internet, and utility records.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 30th day of September 2026.

John Johnston
United States Magistrate Judge